## James M. Knight v. Leopold Lang.

Parol proof that a person who endorses a note made payable to a corporation, adding to his name, " treasurer," &c., is the secretary of such corporation, and pecuniary manager of its business, is not sufficient to show that the note has been transferred by the authority of the payees.

Review of a judgment obtained by the endorsee of a promissory note, against the maker. The plaintiff's title to the note was disputed upon the ground discussed in the opinion.

*Isaiah T. Williams* and *Henry M. Barnard*, for the defendant.

*Ammiel L. Willard* and *Henry H. Anderson*, for the plaintiff.

By the Court. Ingraham, First J.—The defendant is held as maker of a note, given and made payable to the Franklin Marine and Fire Insurance Company. The note was not endorsed by the company, but was transferred by an endorsement, " M. Powell, Treasurer of Franklin Marine and Fire Insurance Company."

Parol proof was offered and received under objection, that Powell was the secretary of the company—the pecuniary manager of the business. No other evidence was given of the authority of Powell to transfer the note to the plaintiff.

There was no evidence that Powell was the treasurer; none that he had authority to transfer the note, and none that he was an officer of the company—except by parol.

This evidence was not sufficient to show a valid transfer of the paper. The authority of a secretary or treasurer of a corporation does not necessarily vest such officer with power to sell and dispose of the assets of the corporation at his pleasure. Such authority may and ought to be shown by

proof of the authority from the resolutions of the board of directors, or by a similar course of dealing sanctioned by the directors in previous cases.   But the mere endorsement of a promissory note, by an officer. of the company, is not sufficient to show that such transfer is valid.

I forbear to connect with this point the fact that such transfer is made to a firm, of which the officer appears to have been a member; but especially with that additional fact in evidence, I have no hesitation in saying that more evidence of the authority of the endorser should have been required, before the plaintiffs could recover.

Judgment reversed.